IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE CLARENCE POOLE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | NO. 5:23-CV-00188-MTT-MSH |
| : | |
| **MS FIELDER,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

**ORDER**

Presently pending before the Court are the claims of *pro se* Plaintiff Willie Clarence Poole, an inmate in the Dooly State Prison in Unadilla, Georgia. On July 6, 2023, Plaintiff was ordered to file a complaint on the Court's standard form. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of this case. *See generally* Order, July 6, 2023, ECF No. 3.

The time for compliance passed without a response from Plaintiff. Plaintiff was therefore ordered to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. Plaintiff was also instructed to comply with the Court's previous orders and instructions if he wished to proceed with his case. Plaintiff was again given fourteen (14) days to comply, and he was again advised that the failure to timely and fully comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* Order, July 31, 2023, ECF No. 4.

The time for compliance has again passed without a response from Plaintiff. As Plaintiff was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. This action is therefore **DISMISSED without prejudice**, and Plaintiff's pending motion (ECF No. 1) shall be **TERMINATED as moot.** *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 24th day of August 2023.

S/ Marc T. Treadwell
*MARC T. TREADWELL*, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Because the Plaintiff never complied with the Court's orders to set forth his claims on a complaint form, it is unclear whether the applicable statute of limitations has run or is about to run on Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered Plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).